IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BEN PORTILLO,

    Plaintiff,

vs.                                               No. CIV 05-0748 RB/WPL

BERNALILLO COUNTY, MARK CARILLO,
in his individual and official capacity,
MICHAEL GARCIA, in his individual and
official capacity, BRENDA SANCHEZ DAVIS,
in her individual and official capacity, and
CAROLYN LACOUR, in her individual and
official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Partial Motion to Dismiss on Statute of Limitations Grounds (Doc. 9), filed on October 17, 2005. Jurisdiction arises under 28 U.S.C. §1331. Having reviewed the motion, briefs, relevant law, and being otherwise fully advised, I find that the motion should be granted.

**I. Background.**

In his Complaint, filed on July 8, 2005, Plaintiff ("Portillo") alleges that he was hired by Bernalillo County ("County") in 1993 as a clerk. At the time of his termination on July 9, 2005, he was an Appraiser III. Portillo and a fellow employee organized a union for the appraisers due to concerns about unfair compensation. The union became the Teamsters Local Union 492. Portillo was the union steward for his office. In the Fall of 2001, the County managed to decertify the union.

Portillo alleges that, after the union was decertified, Defendants embarked on a campaign to

terminate his employment. Garcia, Sanchez-Davis, and Lacour harassed him about his use of sick leave and vacation time to attend to his children's medical needs. On April 3 and 5, 2002, Defendant Garcia issued written reprimands to Portillo. On April 8, 2002, Portillo was summoned to the County's personnel office and instructed to sign a "Behavioral Contract." Portillo refused to sign the contract.

On June 4, 2002, Lacour called Portillo into her office and asked him to "bring everything that was pending." Portillo felt compelled to leave the workplace and asked Sanchez-Davis to allow him to take sick leave or a vacation day. Portillo's request was denied and he was placed on administrative leave with pay.

On July 1, 2002, the County issued a notice of Intent to Terminate. A pre-termination hearing was set for July 3, 2002. Portillo attended the hearing, but refrained from offering a response. On July 9, 2002, the County issued a Notice of Final Action that terminated his employment. On July 16, 2002, Phillip Martinez, Esq. submitted a letter to the County and requested an appeal of the termination. The County did not respond.

On February 21, 2003, Portillo filed a pro se Complaint in the United States District Court for the District of New Mexico styled *Ben Portillo v. Mark J. Carillo and Mike Garcia*, and numbered CIV 03-0231 LH/LCS ("pro se Complaint"). The pro se Complaint was typed on a court issued form entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Portillo alleged no facts in the pro se Complaint, but stated that the nature of the case was violation of the Family and Medical Leave Act policy and equal employment act. Portillo stated that the cause of action did not arise under color of state law, that he had sought administrative relief with the County, but was given no reasons for the action taken by the County. Portillo requested reinstatement with full benefits.

On March 7, 2003, the Honorable C. LeRoy Hansen issued an Order to Show Cause requiring Portillo to state a factual basis for his claim and proper jurisdictional prerequisites. Portillo did not respond to the Order to Show Cause. On March 25, 2003, Judge Hansen dismissed the pro se Complaint without prejudice. Portillo has not moved to amend the pro se complaint and has not argued that such an amendment would relate back to the pro se complaint.

On July 8, 2005, Portillo filed the instant case through counsel, asserting federal civil rights claims pursuant to 42 U.S.C. § 1983. Specifically, Portillo alleges that (1) his due process rights were violated when he was subjected to harassment, intolerable working conditions, undeserved written reprimands, termination, and denial of his right to an appeal process; (2) his equal protection rights were violated when he was treated differently than similarly situated employees and subjected to irrational and arbitrary actions; (3) his First Amendment rights were violated when he was subjected to adverse employment actions in retaliation for speaking out on matters of public concern; and (4) his First Amendment rights were violated when he was subjected to adverse employment actions in retaliation for his union association.

Defendants moved to dismiss, arguing that any claims based on pre-July 8, 2002 conduct are barred by the statute of limitations.

**II. Standard.**

When considering a motion to dismiss for failure to state a claim, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) is granted only if "it appears

3

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**III. Discussion.**

The state statute of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims. *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000). In this case, the parties agree that New Mexico's three-year personal injury statute of limitations applies. N.M.S.A. § 37-1-8. The parties disagree as to when the claims accrued.

Federal law determines the accrual of § 1983 claims. *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). "A civil rights action accrues when the plaintiff knows, or has reason to know, of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). Defendants argue that any claims based on pre-July 8, 2002 conduct are barred by the statute of limitations.

Portillo argues that the continuing violation doctrine applies to his claims that are based on pre-July 8, 2002 conduct. The continuing violation doctrine arose in the context of Title VII cases. *Thomas v. Denny's, Inc.*, 111 F.3d 1506, 1513 (10th Cir. 1997) (declining to apply doctrine to 42 U.S.C. §1981 claim). The continuing violation doctrine is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his rights have been violated. *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1184-86 (10th Cir. 2003). The Tenth Circuit has not determined whether the continuing violation doctrine may apply to §1983 claims. *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). However, even if the continuing violation doctrine were applicable in this case, it would not save the claims that are based on pre-July

8, 2002 conduct.

The Supreme Court decision of *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), "abrogate[d] the continuing violation doctrine as previously applied [by the Tenth Circuit] to claims of discriminatory or retaliatory actions by employers, and replace[d] it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (quoting *Morgan*, 536 U.S. at 110-13). In contrast, the date on which the plaintiff becomes aware that he has an actionable claim is not relevant in the case of a hostile work environment claim. *See Morgan*, 536 U.S. at 115. Key to this distinction was the Court's "determination that the series of acts constituting a hostile work environment constitute only one unlawful employment practice." *Davidson*, 337 F.3d at 1185.

The April 2002 reprimands and behavioral contract are discrete acts for which a continuing violation theory would not apply. *See Morgan*, 536 U.S. at 113-14; *Davidson*, 337 F.3d at 1184-86. The alleged hostile work environment culminated when Portillo left work on June 4, 2002. Even if the Complaint were construed as asserting a claim for constructive discharge, such a claim would be time-barred because any constructive discharge occurred on June 4, 2002, over one month outside the three-year statute of limitations. Because any hostile work environment ended before July 8, 2002, the continuing violation doctrine would be inapplicable. Based on the allegations of the Complaint, which have been accepted as true and viewed in the light most favorable to Portillo, any claims based on pre-July 8, 2002 conduct are barred by the statute of limitations.

**WHEREFORE,**

**IT IS ORDERED** that Defendants' Partial Motion to Dismiss on Statute of Limitations Grounds (Doc. 9), filed on October 17, 2005, is **GRANTED**.

*/s/ Robert Brack*

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**